IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ELIXAVIER PACHECO,

                             Petitioner,                          OPINION & ORDER

     v.

                                                               15-cv-178-jdp

LIZZIE TEGELS,

                             Respondent.

---

      Petitioner Elixavier Pacheco, a state inmate confined at the Columbia Correctional Institution, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and has paid the $5 filing fee. Petitioner challenges his January 7, 2011, conviction in the Circuit Court for Milwaukee County of one count of second-degree sexual assault of a child. The petition is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. In reviewing this pro se petition, I must read the allegations generously, reviewing them under "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

      Petitioner challenges his conviction on the following grounds: (1) the circuit court erred in allowing the state to introduce at trial evidence that petitioner had previously assaulted the victim; (2) petitioner's trial lawyer was ineffective for failing to call an alibi witness who would have established that petitioner was not with the victim at the time of the assault; (3) trial counsel was ineffective for failing to introduce evidence of "false accusations of alleged victim;" and (4) petitioner is innocent. Claim 4 seems to be essentially a restatement of Claims 2 and 3.

According to the petition, petitioner exhausted his first claim by raising it on direct appeal, but he did not exhaust his remaining claims. Petitioner says his appellate lawyer raised claims 2 and 3 in a postconviction motion but then abandoned the issue on appeal. Petitioner asks this court to stay his federal habeas petition so that he may pursue his unexhausted claims of ineffective assistance of trial counsel, as well as an unexhausted claim of ineffective assistance of appellate counsel.

If a federal habeas petition has even a single unexhausted claim, the district court may be required to dismiss the entire petition and leave the petitioner with the choice of either returning to state court to exhaust the claim or amending or resubmitting the petition to present only exhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). When dismissal of the entire petition would "effectively end any chance at federal review" by virtue of the running of the one-year limitations period, *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006), the court has discretion to stay proceedings on the petition pending exhaustion of state court remedies on the unexhausted claim. *Rhines v. Weber*, 544 U.S. 269, 278 (2005). However, because a stay frustrates AEDPA's objectives of encouraging finality and streamlining federal habeas proceedings by allowing a petitioner to delay the resolution of the federal proceedings, it should be granted only in limited circumstances. *Id*. at 277. A stay is warranted only where the petitioner can demonstrate (1) that he had good cause for his failure to exhaust, (2) his unexhausted claims are potentially meritorious, and (3) he has not engaged in abusive litigation tactics or intentional delay. *Id*. at 278.

I am unable to make any of these findings from the face of the petition. Accordingly, I am ordering petitioner to submit more information demonstrating why a stay is warranted in this case. In particular, petitioner should explain what, if any, steps he took to exhaust his

state court remedies and why he failed to exhaust his claims in state court before he sought federal relief. (So far as it appears from the petition, petitioner did not take any steps to exhaust these claims in state court before he filed his federal habeas petition, which he filed just two days before the one-year limitations period expired. *See* 28 U.S.C. § 2244(d); Dkt. 1, ¶ 8.)

Petitioner must also provide more information about Claims 2 and 3. With regard to his claim that his trial lawyer was ineffective for failing to call an alibi witness at trial, petitioner must identify (1) the name of the witness; (2) the testimony the witness would have provided; (3) whether trial counsel was or should have been aware of this fact; and (4) how the testimony would have changed the outcome of the trial. With regard to his claim trial counsel was ineffective for failing to introduce evidence of "false accusations of alleged victim," petitioner should explain (1) what these accusations are; (2) whether trial counsel was or should have been aware of the accusations; and (3) how the testimony would have changed the outcome of the trial. For both claims, petitioner should explain how the evidence can be reconciled with petitioner's admission at trial that he was at the victim's home on the night she said he assaulted her. *See State v. Pacheco*, 2012AP1442-CR (Wis. Ct. App. July 25, 2013), at ¶ 9 ("Pacheco testified in his own defense that he went to M.H.'s home to get food on October 7, 2009, but that he did not sexually assault M.H. while he was at the house.") (copy of decision attached to Dkt. 1).

After petitioner submits the information requested in this order, I will issue a ruling on the appropriateness of a stay.

ORDER

IT IS ORDERED that petitioner Elixavier Pacheco is directed to show cause why this court should stay this mixed petition and hold it in abeyance while he exhausts his state court remedies on his unexhausted claims. Petitioner may have until May 13, 2016, to file his response. In his response, petitioner must:

- Explain what, if any, steps he took to exhaust his state court remedies on his unexhausted claims and why he failed to exhaust those remedies in state court before he sought federal relief; and

- Provide facts sufficient to establish that his ineffective assistance of counsel claims have potential merit, as explained in the opinion above.

Entered April 29, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge