IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ELIXAVIER PACHECO,

                 Petitioner,

v.

LIZZIE TEGELS,

                 Respondent.

ORDER

15-cv-178-jdp

---

Petitioner Elixavier Pacheco, a state inmate confined at the Columbia Correctional Institution, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his January 7, 2011, conviction in the Circuit Court for Milwaukee County of one count of second-degree sexual assault of a child. Pacheco raises the following grounds for relief: (1) the circuit court erred in allowing the state to introduce at trial evidence that he had previously assaulted the victim; (2) his trial lawyer was ineffective for failing to call an alibi witness who would have established that he was not with the victim at the time of the assault; (3) his trial counsel was ineffective for failing to introduce evidence of "false accusations of alleged victim;" and (4) he is innocent.

I previously screened Pacheco's claims and concluded that he had properly exhausted only the first claim. Dkt. 8, at 2. I explained that this meant that this court most likely could not consider the unexhausted claims. Because Pacheco filed his petition at the very end of his one-year limitations period, there was no longer a realistic option of dismissing the case so that Pacheco could exhaust his other claims. *Id*. I directed the state to respond to the petition and for the parties to brief the petition, not only addressing the merits of each claim, but also

addressing whether Pacheco could still exhaust his claims, whether he procedurally defaulted his claims, and whether he should be granted an exception to procedural default. *See* Dkt. 11.

Pacheco has responded by filing a motion for an extension of time to file his brief in chief and for an evidentiary hearing on the issue of CCI staff confiscating legal material belonging to Pacheco's jailhouse lawyer, Oscar McMillian, and the due process McMillian received in being disciplined. I take Pacheco to be saying that this confiscation affected his ability to file a timely brief, and that more generally, the lack of legal resources at CCI hampered his ability to diligently pursue exhaustion of his habeas claims.

The state does not object to the motion for extension of time. But it does object to the request for evidentiary hearing, stating that 28 U.S.C. § 2254(e)(2) does not provide for evidentiary hearings regarding the type of issue raised here about Pacheco's jailhouse lawyer. It also notes that Pacheco provides next to no relevant evidentiary support for his motions.

Pacheco's reply includes a declaration from McMillian about the confiscation of materials and his disciplinary proceedings, so the state's objection about the lack of evidentiary support has been overcome. I will grant Pacheco's motion for an extension of time given the circumstances. But I will deny his motion for evidentiary hearing, although not for the reason given by the state. Respondent is correct that the evidentiary hearing provision of § 2254(e)(2) does not encompass a hearing of the type proposed by Pacheco. But that is irrelevant; this court retains the power to hear disputes regarding a prisoner's ability to litigate the case at hand.

Nonetheless, there is no need to hold a hearing here. McMillian's due process rights are not a part of this habeas litigation and instead belong in a separate lawsuit. Pacheco does have the right to present his habeas claims to this court, including any argument he may have about his diligence in exhausting his claims, and he does have a limited right to seek assistance from

2

other prisoners. But this case does not need to devolve into a mini-trial over Pacheco's and McMillian's legal documents. Instead, I will gave the state a chance to respond to Pacheco's reply, along with an explanation whether prison officials can return the relevant legal materials to Pacheco or McMillian.

Pacheco should respond to that submission with an explanation of how long he needs to reconstruct any missing materials and submit his brief-in-chief. This case has been pending for some time, so Pacheco and McMillian should have a good grasp on what Pacheco intends to say in the brief-in-chief.

ORDER

IT IS ORDERED that:

1. Petitioner Elixavier Pacheco's motion for an extension of time to file his brief-in-chief, Dkt. 17, is GRANTED.

2. Petitioner's motion for an evidentiary hearing, Dkt. 17, is DENIED.

3. Respondent may have until February 6, 2018, to respond to Dkt. 19 and Dkt. 20. Petitioner may have until February 20, 2018, to reply.

Entered January 17, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge