IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ELIXAVIER PACHECO,

                              Petitioner,

   v.                                                        ORDER

LIZZIE TEGELS,                                       15-cv-178-jdp

                              Respondent.

---

      Petitioner Elixavier Pacheco, a state inmate confined at Columbia Correctional Institution, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his January 7, 2011, conviction in the Circuit Court for Milwaukee County of one count of second-degree sexual assault of a child. Pacheco raises the following grounds for relief: (1) the circuit court erred in allowing the state to introduce at trial evidence that he had previously assaulted the victim; (2) his trial lawyer was ineffective for failing to call an alibi witness who would have established that he was not with the victim at the time of the assault; (3) his trial counsel was ineffective for failing to introduce evidence that the alleged victim had previously made false accusations against other people; and (4) he is innocent.

      I previously screened Pacheco's claims and concluded that he had properly exhausted only the first claim. Dkt. 8, at 2. I explained that this meant that this court most likely could not consider the unexhausted claims. Because Pacheco filed his petition at the very end of his one-year limitations period, there was no longer a realistic option of dismissing the case so that Pacheco could exhaust his other claims. *Id*. I directed the state to respond to the petition and for the parties to brief the petition, not only addressing the merits of each claim, but also

addressing whether Pacheco could still exhaust his claims, whether he procedurally defaulted his claims, and whether he should be granted an exception to procedural default. *See* Dkt. 11.

But briefing of the petition has not gotten off the ground. Pacheco filed a motion for an extension of time to file his brief-in-chief and for an evidentiary hearing on the issue of CCI staff confiscating legal material belonging to Pacheco's jailhouse lawyer, Oscar McMillian, and the due process McMillian received in being disciplined. I granted Pacheco's motion for an extension of time to file his brief-in-chief, but I denied the motion for an evidentiary hearing because McMillian's due process rights are not a part of this habeas litigation and it was unnecessary to "devolve [this case] into a mini-trial over Pacheco's and McMillian's legal documents." Dkt. 21, at 2–3. Instead, I directed the state to explain whether prison officials could return the relevant legal materials to Pacheco or McMillian, and I directed Pacheco to respond by explaining how long he needed to reconstruct any missing materials and submit his brief-in-chief. *Id.* at 3.

The state responded, stating that the CCI litigation coordinator returned Pacheco's legal materials to him and that because Pacheco and McMillian are in the same unit, they will be allowed to exchange materials during their library time. *See* Dkt. 22. Pacheco, through McMillian, replied by recounting the confiscation of legal materials from McMillian's cell and restating how difficult DOC officials make it for McMillian to operate as a jailhouse lawyer. *See* Dkt. 23. For the same reasons I previously denied the motion for a hearing on the confiscation of materials, I will not consider most of what Pacheco says about McMillian's jailhouse-lawyer practice. But Pacheco adds that he and McMillian were not actually given full access to the confiscated legal materials and he suggests that some of the documents have been

destroyed. He identifies three classes of documents that he needs to reconstruct to submit his substantive habeas briefing:

- Docket entries in these habeas proceedings, including Pacheco's petition and the state's answer, Dkt. 1 and Dkt. 8–16.

- Milwaukee Police Department reports concerning the alleged victim's prior false allegations of sexual assault against other people.

- Milwaukee Police Department reports concerning the victim's allegations that Pacheco previously sexually assaulted her.

*Id.* at 9–10.

Although there appears to be a dispute over exactly what materials Pacheco and McMillian were able to recover from the confiscated documents, there is no need to hold a hearing to investigate the matter further. In the interests of moving along the process of briefing the petition, I will direct the clerk of court to provide Pacheco with the first set of documents listed above. The Milwaukee Police Department reports making up the second and third categories of documents do not appear to be on this court's docket. The reports concerning the alleged victim's prior false allegations of sexual assault against other people were the subject of postconviction litigation, *see* Dkt. 15-10, so I will direct the state to provide Pacheco with copies of those reports. The third category, what Pacheco calls "supplemental reports" about the victim's allegations of prior sexual assaults by Pacheco in 2003, 2007, and 2008, Dkt. 23, at 10, do not appear to be discussed in postconviction proceedings on the docket. But they would likely have been part of records turned over to Pacheco. I will direct the state to provide him with those reports if the state has them. Counsel should notify the court if the state does not have these records.

Pacheco states that he and McMillian will be able to produce a brief-in-chief within 60 days of receiving these documents. I will set new briefing deadlines based on that assertion.

ORDER

IT IS ORDERED that:

1. The clerk of court is directed to send petitioner Elixavier Pacheco copies of docket entries 1 and 8 to 16.

2. Respondent may have until December 10, 2018, to send petitioner copies of the Milwaukee Police Department records detailed above, or notify the court why it is unable to do so.

3. Petitioner may have until January 21, 2019, to submit is brief supporting his petition. Respondent may have 30 days from receipt of that brief to file its response brief. Once respondent files a brief in opposition, petitioner shall have 20 days to file a reply if he wishes to do so.

Entered November 26, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge