IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ELIXAVIER PACHECO,

                        Petitioner,

  v.                                                        ORDER

LARRY FUCHS,                                           15-cv-178-jdp

                        Respondent.[1]

---

Petitioner Elixavier Pacheco, an inmate confined at Columbia Correctional Institution, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state-court conviction for second-degree sexual assault of a child. I previously concluded that Pacheco had exhausted one of his claims—that the circuit court erred in allowing the state to introduce at trial evidence that he had previously assaulted the victim—but that he had failed to exhaust his other claims about ineffective assistance of trial counsel and his actual innocence. *See* Dkt. 8. I directed the state to respond to the petition. And I directed the parties to brief the merits of the petition, and also to address whether Pacheco could still exhaust his claims, whether he procedurally defaulted his claims, and whether he should be granted an exception to procedural default. *See* Dkt. 11.

But Pacheco has still not filed his main brief. This order gives Pacheco a final deadline to do so.

Pacheco has received a series of extensions because Pacheco and his jailhouse lawyer, Oscar McMillian, contended that prison staff are blocking their ability to work together and

---

[1] I've amended the caption to reflect the identity of the current warden at Pacheco's place of confinement.

have repeatedly confiscated legal materials that McMillian needs to complete the brief. Pacheco asked for an evidentiary hearing to show that prison staff were confiscating legal material belonging to McMillian. I denied that motion, stating that it was unnecessary for this case to "devolve into a mini-trial over Pacheco's and McMillian's legal documents." Dkt. 21, at 2–3. I ordered the clerk of court and respondent to provide Pacheco with the documents that he said were missing. Dkt. 24. Pacheco received those documents, but he filed another motion for an extension of time and for a hearing regarding another confiscation of McMillian's legal papers for exceeding the prison's property limits. *See* Dkt. 28, at 3–6, and Dkt. 30, at 8. The court granted Pacheco's motion for extension. Dkt. 32.

But the court will deny Pacheco's request for hearing about the confiscation of McMillian's materials. I'll deny that motion for the same reasons that I denied the first motion for a hearing and that I have denied similar motions brought by other prisoners for whom McMillian has served as a jailhouse lawyer: the relevant issue in this case is Pacheco's access to the state courts, not McMillian's complaints about being harassed by prison officials. *See Goodwin v. Zerbe*, No. 17-cv-844-jdp, Dkt. 43, at 2; *Williams v. Smith*, No. 14-cv-789-jdp, 2019 WL 330173, at *1 (W.D. Wis. Jan. 25, 2019). It's time for this case to move on.

I'll give Pacheco a final chance to submit his brief in chief, whether McMillian helps him with the brief or not. There will be no further extensions based on McMillian's inability to assist with the case. To ensure that Pacheco has the documents he needs to file his brief, I'll direct the clerk of court to send Pacheco another copy of the docket entries he previously requested. If Pacheco no longer possess the Milwaukee Police Department records that I previously directed the state to provide Pacheco, he should ask respondent's counsel for another copy.

A final point about Pacheco's brief in chief: he does not need extensive legal research. I'm aware that COVID-19 lockdowns may affect Pacheco's and McMillian's ability to work together and to conduct legal research. The court will apply the appropriate law to the facts, even if Pacheco does not find and provide legal authority on his own. Pacheco's task at this point is to explain (1) the facts underlying his habeas claims and why he thinks his conviction was unfair given those facts; and (2) explain what he has done to diligently pursue his state court remedies about for unexhausted claims about ineffective assistance of counsel.

ORDER

IT IS ORDERED that:

1. Petitioner Elixavier Pacheco's motion for a hearing, Dkt. 28, is DENIED.

2. Petitioner may have until January 4, 2021, to submit his brief supporting his petition. Respondent may have until February 4, 2021 to file a response brief. Petitioner may have until February 24, 2021, to file a reply.

3. The clerk of court is directed to send petitioner copies of docket entries 1 and 8 to 16.

Entered November 23, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge